IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**MATTHEW KERSHNER**, )
)
    Plaintiff, )
)
    v. ) 2:18-cv-00468-DSC
) **Electronic Filing**
**KOMATSU LTD., et al.**, )
)
    Defendant. )

## MEMORANDUM OPINION

Plaintiff commenced this action seeking redress for injuries sustained when he was injured by a bulldozer manufactured by Komatsu, Ltd., and sold by Komatsu America Corporation. Presently before the court is defendant Komatsu, Ltd.'s motion for summary judgment. The motion seeks to raise a defense of lack of personal jurisdiction. For the reasons set forth below, the motion will be denied because Komatsu, Ltd., is estopped from raising the defense, has otherwise waived the ability to raise it, and has consented to jurisdiction as to this case.

The pertinent facts are as follows. Plaintiff filed this lawsuit in the Court of Common Pleas of Philadelphia County, Pennsylvania, against Komatsu America Corporation ("Komatsu America") and its parent corporation, Komatsu, Ltd. ("KLTD"). On October 24, 2017, Defendants removed the action to the United District Court for the Eastern District of Pennsylvania. KLTD provided written consent to the removal. See Notice of Removal (Doc. No. 1) at ¶ 34.

1

On October 31, 2017, Komatsu America filed a motion pursuant to Federal Rule of Civil Procedure Rule 12(b)(3) alleging improper venue and alternatively requesting transfer pursuant to 28 U.S.C. § 1406(a). KLTD joined in the motion.

On December 5, 2017, KLTD and Komatsu American filed their reply brief in support of the motion. Therein, these defendants withdrew their request for outright dismissal and contended that the case should be transferred to the Western District pursuant to 28 U.S.C. § 1404(a) because it was "a far more proper and convenient venue for Plaintiff's claims." Defendants' Reply Brief (Doc. No. 10) at 1. In doing so, these defendants directly acknowledged it was their burden to show "the transferee district can exercise personal jurisdiction over the defendants." Id. at 3 (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970)). Neither KLTD nor Komatsu America informed the court that it had a challenge to personal jurisdiction in Pennsylvania.

On April 10, 2018, the Honorable Cynthia M. Rufe granted defendants' motion to transfer. In her memorandum opinion, Judge Rufe conducted a § 1404(a) analysis and concluded that the action properly should be transferred to the Western District for the convenience of the parties.

On April 27, 2018, KLTD answered plaintiff's complaint. Thereafter, KLTD actively has participated in pre-trial development. For example, it attended the initial case management conference, submitted disclosure statements, and participated in formulating the protocol for submission of the case to this court's mandatory Alternative Dispute Resolution Program. In addition, the case was referred to mediation, which is to be completed by August 21, 2019. Following the Rule 16 conference, a Case Management Order was entered on June 18, 2018, and the parties have engaged in discovery. KLTD filed the instant motion on August 17, 2018.

2

KLTD moves for summary judgment on the ground that this court cannot exercise general or specific jurisdiction over it.  KLTD is precluded from maintaining a lack of personal jurisdiction defense and it has waived the defense in a multitude of ways in any event.

First, KLTD joined in a § 1404(a) motion to transfer the case to this District.  Transfer pursuant §1404(a) requires the transferee forum to possess the requisite personal jurisdiction over all the parties and to be a proper and convenient venue for litigating the action.  See Shutte, 431 F.2d at 23 (a § 1404(a) transfer is "authorized by the statute only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action; i.e., venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants.") (collecting cases); Jones v. Valley Welding Supply, Co., 303 F. Supp. 9, 12 (W.D. Pa. 1969 ("where plaintiff has not acquired personal jurisdiction over the defendant and has not submitted evidentiary material to support personal jurisdiction in the transferee court, a motion to transfer under Sections 1404 and 1406 cannot be granted").  The moving party has the burden of establishing the prerequisites for transfer.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

Here, Magistrate Judge Rufe took KLTD at its word and transferred the action pursuant to its request.  KLTD is now estopped from contending otherwise.  See Microsoft Corp. v. Baker, -- U.S. --, 137 S. Ct. 1702, 1714 (2017) ("where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position") (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)); Beltz v. Erie Indem. Co., 733 F. App'x. 595, 600 (3d Cir. 2018), reh'g denied (June 14, 2018) ("Judicial estoppel bars 'a party from prevailing in one phase of a case on

3

an argument and then relying on a contradictory argument to prevail in another phase.'") (quoting New Hampshire v. Maine, 532 U.S 742, 749 (2001)).

The purpose of judicial estoppel is to protect the integrity of the judicial process. New Hampshire v. Maine, 532 U.S. at 749. It prohibits parties from changing positions according to the exigencies of the moment. Id. It is an equitable doctrine that may be invoked by a court at its discretion. Id. It is intended to prevent a party from improper use of the judicial process. It prevents a party from taking inconsistent positions that in combination indicate that either the initial or subsequent court has been misled. Id. (citing Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir. 1982)). And it is applicable here, where KLTD necessarily has posited that personal jurisdiction existed in this District in order to gain the benefit of a § 1404(a) transfer and then after gaining that relief has taken the contrary position that the action could not have been brought against it in this forum.

Second, KLTD has waived the defense under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure Rule 12(b) states that "[e]very defense to a claim for relief in any pleading ***must*** be raised in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction . . . . A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."

Generally, when a Rule 12(b) motion is filed all such defenses must be raised. Fed. R. Civ. P. Rule 12(g). Under Rule 12(h)(1), the threshold defenses in Rule 12(b)(2) through 12(b)(5) are waived if they are not included in a single responsive motion under Rule 12. See 5C Wright and Miller, FED. PRAC. & PROC. Civ. § 1391 (3d ed.). It is beyond question that anytime a defendant files a pre-answer Rule 12 responsive motion, it ***must*** include any of the defenses set forth in Rule (12)(b)(2)-(5) that it has: the failure to do so results in a waiver. See Emekekwue v.

4

Offor, 1:11-CV-01747, 2012 WL 5249414, at *3 (M.D. Pa. Oct. 24, 2012) ("Rule 12(g) requires a party who brings a Rule 12 motion to join all available Rule 12(b)(2)-(5) defenses in that motion [and if] a party fails to raise any defense listed in Rule 12(b)(2)-(5) in their motion, Rule 12(h)(1) provides that those defenses are waived.") (citing Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1982) (discussing framework for waiver of personal jurisdiction and noting that failure to raise timely objection under Rule 12(h) constitutes waiver)). In other words, "a party who fails to raise personal jurisdiction as a defense in a Rule 12 motion is precluded from raising that defense in an answer or in a subsequent motion." Id. (citing Myers v. American Dental Ass'n, 695 F.2d 716, 720 (3d. Cir. 1982), cert. denied, 462 U.S. 1106 (1983) and 2A J. Lucas & J. Moore, MOORE'S FEDERAL PRACTICE ¶ 12.23, at 2225 (2d ed.1982)).

Here, KLTD joined in a Rule 12 motion attacking venue and seeking a § 1406 and then § 1404(a) transfer. It did not raise its 12(b)(2) defense.[1] It follows that KLTD has waived the ability to raise the defense. Compare Myers, 695 F.2d at 721 (The defendant, which failed to include an objection to the court's exercise of personal jurisdiction in its motion to dismiss and proceeded solely on the basis on improper venue, waived its right to challenge personal jurisdiction "in [the] answer or otherwise.").

Third, KTLD has consented to jurisdiction here through sufficient participation in this litigation. It answered plaintiff's complaint; it attended the initial case management conference; it submitted disclosure statements; it participated in formulating the protocol for submitting the case to this court's mandatory Alternative Dispute Resolution Program; and it has entered into

---

[1] Of course, doing so would likely have proved fatal to its request for transfer, which in turn would have impacted the remaining defendants' ability to obtain such relief at that stage in the litigation.

5

the discovery phase of the litigation. It is far too late in the day to assert that it is not a proper invitee to the dance. Compare Emekekwue, 2012 WL 5249414, *3 n.6 (a party consents to personal jurisdiction if he "actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum"); Nat. Union Fire Ins. Co. of Pittsburgh, PA v. Beta Construction, LLC, 2010 WL 4316573, *1 (M.D. Fla., Oct. 26, 2010) ("[Defendant] has also waived his right to attack the personal jurisdiction of this Court by entering an appearance and participating in the case management conference without objecting to the Court's personal jurisdiction."); Lomaglio Associates, Inc. v. LBK Marketing Corp., 876 F. Supp. 41 (D.C.N.Y. 1995) ("If a party requests that a court exercise its power on that party's behalf, and the request is not preceded or accompanied by an objection to personal jurisdiction, that party is deemed to have waived the defense of lack of personal jurisdiction."). KLTD has participated in pretrial preparation needed for adjudicating the case on the merits. Its participation reflects a sufficient degree of case development to constitute consent to this court's jurisdiction as to this case.

For the reasons set forth above, KLTD's motion for summary judgment must be denied because it is estopped from raising the defense, has otherwise waived the ability to raise it and has consented to jurisdiction as to this case. An appropriate order will follow.

Date: March 26, 2019

                                           s/David Stewart Cercone
                                           David Stewart Cercone
                                           Senior United States District Judge

cc:    Arthur L. Bugay
       Eric A. Weiss
       Kiernan G. Cavanagh
       Nicolai Andrew Schurko
       Stuart H. Sostmann

       (*Via CM/ECF Electronic Mail*)